FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 22, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN N.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:17-CV-03184-JTR-1<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>**MOTION GRANTED**<br>**in part**<br>**(ECF No. 14)**<br><br>**MOTION DENIED**<br>**(ECF No. 15)** |

    Before the Court are cross-motions for summary judgment. ECF Nos. 14, 15. Plaintiff, Kevin N., is represented by counsel D. James Tree. Defendant, the Commissioner of Social Security, is represented by Special Assistant United States Attorney Summer Stinson. The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs submitted by both parties, the Court **GRANTS in part** Plaintiff's Motion for Summary Judgment, **ECF No. 14**, and **DENIES** Defendant's Motion for Summary Judgment, **ECF No. 15**.

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits (DIB) on April 8, 2014, Tr. 164-72, alleging that he became unable to work due to his conditions on April 15, 1985. Tr. 173. He later amended his onset date to February 28, 2012. Tr. 173-74. The application was denied both initially, Tr. 82-92, and upon reconsideration, Tr. 93-107. Administrative Law Judge (ALJ) Wayne N. Araki held a hearing on June 8, 2016, and heard testimony from Plaintiff and vocational expert (VE) Trevor Duncan. Tr. 35-81, 134-53. The ALJ issued an unfavorable decision on August 3, 2016. Tr. 17-34. The Appeals Council denied Plaintiff's request for review on August 24, 2017, Tr. 1-6, and the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 23, 2017. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 58 years old on the amended onset date. Tr. 166, 173. Plaintiff has never been married, has never had consistent employment, and has no close family support. Plaintiff was diagnosed with depression and anxiety over thirty years ago, and has attempted many kinds of therapy and medication in attempt to manage his symptoms. Despite these efforts, Plaintiff has attempted suicide no less than four times in his life. ECF No. 14 at 3-4.

Plaintiff reports that his conditions prevent him from regulating his emotions arising from interpersonal conflict, especially in the workplace, and such perceived conflicts lead him to decompensate to the point of being terminated or resigning. ECF No. 14 at 5. Plaintiff has been able to volunteer regularly, however, three times a week at the food bank for approximately 10 hours a week.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1091.

If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a); 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments

prevent him from engaging in his previous occupations. 20 C.F. R. §§ 404.1520(a)(4); 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On August 3, 2016, the ALJ issued a decision finding Plaintiff was not disabled under the Social Security Act. Tr. 17-34.

At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017. The ALJ also found that Plaintiff had not engaged in substantial gainful activity since February 28, 2012, the alleged onset date. Tr. 22.

At step two, the ALJ determined Plaintiff had the following severe impairments: anxiety disorder; affective disorder/depression; and personality disorder. Tr. 22.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 22-24.

At step four, the ALJ assessed Plaintiff's residual functional capacity (RFC) as follows:

> the [ ] capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is able to remember and understand instructions for tasks generally required by occupations with an SVP of 1-4. He is able to carry out instructions for tasks generally required by occupations with an SVP of 1-2. The claimant can have occasional superficial interaction with general public.

ORDER - 4

> He can have occasional interaction with coworkers and supervisors. The claimant is able to adjust to work setting changes generally associated with occupations with an SVP of 1-2. Assigned work tasks should be able to be completed without assistance of others but occasional assistance would be tolerated.

Tr. 24, 25-27.

The ALJ then identified Plaintiff's past relevant work as a computer technician; a network administrator, an audit clerk, and a data entry clerk. Tr. 28. The ALJ found that Plaintiff could not perform his past relevant work. Tr. 28.

At step five, the ALJ went on to find that there were other jobs in the national economy that exist in significant numbers that Plaintiff could also perform. The ALJ considered Plaintiff's RFC and the VE testimony and found Plaintiff had the capacity to perform the representative occupations of hand packer (medium), laundry worker, production assembler, and hand packer (light). Tr. 29.

The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from the alleged onset date, February 28, 2012, through the date of the ALJ's decision. Tr. 29.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits, and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by: (1) improperly weighing the opinions of Candice Berger, M.S.W., Melissa Denner, M.S., and Erum Khaleeq, M.D., (2) failing to consider the opinion of treating physician John Asriel, M.D. entirely, and (3) improperly discrediting Plaintiff's symptom testimony without specific, clear, and convincing reasons.

///

///

# DISCUSSION[1]

## 1. Medical Opinion Evidence

Plaintiff asserts that the ALJ improperly weighed the opinion evidence from treating physician John Asriel, M.D., treating mental health therapists Melissa Denner, M.S., Candice Berger, M.S.W., and consultative examining physician Erum Khaleeq, M.D. ECF No. 14 at 5-13. Defendant responds that Plaintiff's argument amounts to an alternative interpretation of the evidence, which is insufficient to challenge the legality of the ALJ's determination. ECF No. 15 at 9-14.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons.

---

[1] In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

*Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31.

The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth [his] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Also, an ALJ is required to consider evidence from "other sources," 20 C.F.R. §§ 404.1527(f), 416.927(f), "as to how an impairment affects a claimant's ability to work," *Sprague*, 812 F.2d at 1232. An ALJ must give "germane" reasons to discount evidence from "other sources." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

1. <u>John Asriel, M.D.</u>

An ALJ's failure to properly address the opinion of a treating physician is clear error, requiring remand. *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014). In some circumstances, this error may be harmless, where the ALJ's opinion provides for meaningful review by the court, or where the treating physician's opinion is duplicative or substantially deficient. *See Loader v. Berryhill*, 722 Fed.App'x 653, 655 (9th Cir. 2018); *see also Tommasetti v. Astrue*,

533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination"). Here, the ALJ's failure to address Dr. Asriel's opinion was not harmless.

Dr. Asriel's opinion could support a more limited RFC than the ALJ found because the ALJ's RFC failed to account for Plaintiff's history of repeated conflicts with supervisors and coworkers. Tr. 24; *see also* Tr. 74-79 (ALJ's discussion with VE of adverse job consequences for someone with Plaintiff's RFC causing disruptions in the workplace). At the hearing, the VE testified that an employee with repeated disruptions in the workplace in the span of a year would likely be terminated. Tr. 76-79. Dr. Asriel stated in his "Assessment & Plan" that he thought "disability was certainly reasonable given his inability to hold down a job and to function in the workplace." Tr. 541. This report also contains Dr. Asriel's observations of Plaintiff consistent with the behavior described by the VE at the hearing. Tr. 540 ("has been unable to hold down jobs because of interpersonal problems. He did hold down a job at KVH for 6 yrs (sic), but it was tumultuous, likely involved extraordinary patience on the part of his employer, it was associated with 2 suicide attempts, and he eventually quit without notice"). Proper consideration of Dr. Asriel's opinion, in conjunction with the VE testimony, may have changed the ALJ's ultimate disability determination.

Defendant argues that the ALJ's failure to address Dr. Asriel's opinion was harmless because the opinion was equivocal and on a matter reserved to the Commissioner (i.e. conclusion that he was "disabled"). An ALJ is generally required to afford great weight to a treating physician because "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone. . ." § 404.1527(c)(2). Whether or not Dr. Asriel's opinion

is equivocal, his opinions and observations of Plaintiff's behaviors and their consequences over time is extremely relevant to the inquiry at hand. The ALJ's failure to acknowledge Dr. Asriel's opinion at all was not harmless.

This case is remanded for the ALJ to properly address Dr. Asriel's opinion.

2. <u>Melissa Denner, M.S., Candice Berger, M.S.W., Erum Khaleeq, M.D.</u>

Plaintiff also challenges the ALJ's evaluation of the opinions of Counselor Denner, Counselor Berger, and examining physician Dr. Khaleeq. As this case is being remanded to readdress Dr. Asriel's opinion, the ALJ is instructed to readdress these opinions as well.

Additionally, the Court notes that neither the ALJ nor the parties addressed substantial opinion evidence in the record to include: Marty Hoiness, M.D., Tr. 320-28; Laura Doughty, M.S., L.M.H.C., Tr. 385-536 (this exhibit in particular contains 152 pages of treatment records which are wholly ignored); Kok Lee, M.D., Tr. 586-656; and David B. Jackson M.D., Tr. 769-788 (regarded as Plaintiff's "PCP" in late 2015, Tr. 747). An ALJ is required to consider all relevant opinions in the record. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) (where medical source opinion conflicts with RFC, ALJ must explain why); *see also* 20 C.F.R. §§ 404.1527(f), 416.927(f) (requiring an ALJ to consider evidence from "other sources" as well); S.S.R. 96-8p.

On remand, the ALJ is directed to review and readdress all opinion evidence in the record. As the medical evidence is being reviewed, the ALJ is also directed to make a new RFC determination.

**2. Credibility**

The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to readdress the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements will be necessary. A reference to the

prior credibility determination will not be sufficient to support a credibility analysis for this case.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); s*ee also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to properly address opinion evidence, properly address the supportability of Plaintiff's symptom statements, and make a new RFC determination.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED.**

ORDER - 10

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

**IT IS SO ORDERED**.

DATED October 22, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE